PETITION FOR A RE-HEARING, BY
G. M. BIBB, ESQ.
The counsel for the appellants, most respectfully solicit the reconsideration of this case, upon one point decided by the court.
A bond made to “ the president and directors of the Bank of Kentucky,” omitting the “ company,” is declared a good and valid obligation to the corporation.
It will be seen at once, by looking at the act of the Legislature of Kentucky, creating this corporation, that the bond is not to the corporation by its corporate name; that the omission of the word “ company,” is the omission of a material part, the company being the most numerous of the natural persons composing the body politic' — the word “ company,” including the great body of the stockholders.
The opinion proceeds in affirming this as a good obligation to the corporation, and suable in the name of the corporation, upon two postulates:
1st. That the variance from the corporate name, by omitting the word “ company,” is not fatal.
2d. That by a delivery to the president and directors, the corporation, by the style and name .of “ the President, Directors and Company of the Bank of Kentucky,” can take and sue by an obligation to “ the President and Directors vf the Bank of Kentucky.”
As to the first point, that the omission of the word “ company,” is fatal, the counsel beg leave, most respectfully, to ask the court to examine critically, these cases: Eaton’s College case, 2 Dyer 150, a; Croft vs. Howell, Plow. 536-7; Mayor and Burgesses of Lynne, 10 Co. 124; Rex vs. Croke, Cowper 26; Head and Amory vs. Providence Insurance Company, 2 Cranch 168-9.
In Eaton’s College case,.above cited, the true name of the corporation was, “Provost and Royal College, of the College of the blessed Mary of Eaton,” &c. The lease was, by the name of the “ Proyost and Fellows of *184 the Royal College of Eaton,” &c. This variance was held fatal, and the lease void.
iTT4.
In Croft vs. Howell, the true name of the corporation was, “ two Masters or Governors and Commonalty of the mystery of the Cooks of London,” and the deed was by the name of “ Master and Wardens and Commonalty of the craft or mystery of the Cooks of London.”
The omission of Masters, and putting therefor but one Master, and the omission of the word Governors, and putting Wardens in place thereof, was, by the unanimous .Opinion of the whole court, declared fatal, and the deed of said corporation was declared void.
In the report of the Mayor and Burgesses of Lynne, two cases are there cited and acknowledged to be variances m substance, viz. In one case, the corporate name was, u the King’s free Chapel,” &c. the variance was “ the King and Queen’s free Chapel,” and the lease was avoided by the whole court. In another case,, the the name ofa corporation was, “ the College of Scholars of Merton,” and they made alease by the name of “ the College of Merton,” omitting the word “ Scholars.” This omission was held by the court a variance in substance, and the lease was avoided.
In the case of Reos vs. Crake, before cited, the true authority was to “ the Mayor, Aldermen and Commons, in common council assembled;” the act done, was by “ the Mayor, Commonalty and Citizens,” and the act was held void by Lord Mansfield and the whole court.
Thus it appears, that from the' time of the case in Dyer, in 1557, down to the year 1774, the Judges have uniformly decided, that a variation in substance from the ■corporate name, was fatal, and avoided the deed.
And in all the cases decided between those years, whether the variances did or did not avoid the act or deed, the question was, whether the variance was in substance, or merely in words and syllables.
The cases cited and relied on by the counsel for the hank, are found in the case in 10 Coks 124, before cited, are all variances, not in substance, as will be seen by an attention to those cases. In the eases so cited and relied on, the distinction between variances in substance, and variance in • letters and syllables, merely, is acknowledged, and that variance in the substance of the corporate name, avoids acts from or to the corporation; but variances in letters and syllables merely, not affect-. *185 ing the substantial descriptive parts of the persons composing the corporation, are not fatal.
The counsel fee 1 confident, from a diligent examination of very many cases reported and referred to in the before mentioned cases, and in 6 Vintir, title Corporation, letter G. that no case can be found where an omission of part of a corporate name, which omission is of ■a word or words, descriptive of part of the natural persons belonging to the corporation, has not been held fatal.
The cases before quoted are from 1557-8 down to 1774, and very many case's are referred to in those cases, in which the principle now contended for by the counsel for Pendleton’s securities was acknowledged. The question was always, is the variance substantial or not?
Is not the omission of the word “ Company,” in this obligation, a substantial variance and departure from the corporate name? Does not the “ Company” designate, and is it not used in the act of incorporation to include and describe the great body of the natural persons, the stockholders of the Bank? “The President and Directors” do not include the “Company;” neither does the Company include the President and Direc* tors; for half of the Directors, at the time this obligation bears date, were not necessarily stockholders.
II. The opinion supposes, in substance, that by the delivery, the corporation, that is, the “ Company,” also can take. •
To this the counsel most respectfully urge, in objection to this part of the opinion of the court, that it assumes premises which cannot be granted or proved as true.
1st. The opinion supposes, that a delivery of a bond or deed can be made to a corporation. This cannot be. A corporation is incorporeal, invisible, intangible, existing only in abstracto; it exists merely in idea and in contemplation of law; its powers and capacities are not natural, but derived from mere act of law. 10 Coke 32 b, Sutton’s Hospital; Head, &c. vs. Providence Insurance Company, 2 Crunch 169.
It cannot be seen, to make or receive a delivery; it can act only by natural persons. If natural persons receive a paper to the use of the corporation, the effect of that paper must be determined from the paper itself,
*186 tt cannot do fealty, nor smear, nor make'delivery, Slot receive livery. See Suttou’s Hospital case, 10. Coke 3-2 b; 13 Viner, fails or deeds, (I.) p. 21, and (K.) pi 22; 6 Viner Corp. (G 2,) p. 268, (G'4,)p. 269.
2dly. The opinion supposes, that by the delivery to the President and Directors, the corporation can take, although their true name and corporate style is notex--pressed in the obligation-; that is, that the “ coinpa-'■¿ny” (or stockholders, who are meant by the word company,) can take, although not named in the dee'd. This position is not warranted by law, as the counsel -most respectfully suggest.-
“■He that is no party to the deed, can neither give nor 'take any-thing by it, &c. except it be byway of re•mainder.” 1'3 Viner, fa’its or deeds, letter C‘a, page ' S3, pla. 15.
“ One that-is not party toa deed made between yw•ties, cannot-take by the deed,‘unless by way of remain-der.” Viner, supra, pla. 15. •
“ A-man cannot take immediately, where he is not party.” Viner, supra, pla. IS-; Co. LUt. fol-. 231 a, 'note Í.
The counsel then Urge, ih conclusion, that a corpora-, tion can only act in the manner prescribed to it by its charter. That is to them the enabling act; it gives them all the .power they possess; it prescribes to them 'a mode of contracting; they must observe that mode, or the instrument no more creates a-contract with them than if the body had never been incorporated.
“ The President, Directors and Company of the ’-Bank of Kentucky,” cannot take by a bond to “ the President .and Directors” aloné.
Upon the principle that corporations can only contract-in the mode pointed out to them by law, this court determined m favor of the Madison Hemp Mill Company vs. Lovett* an«S in favor of the Frankfort Bank vs, Anderson.
Corporations have great privileges and advantages; they ought to take them subject to their inconveniences -also. Jf they can gain by avoiding acts not done in their corporate name, although done by their agents, so they ought to lose by acts to them not taken in their corporate name, although taken by their agents.
A re-hearing upon this point is most respectfully re-’ quested* BIBB,,for Appellants-*
October 23.
The omission, of the words,. ‘ and company,’ in a bond to the President, Directors Sc Company of, the Bank of Kentucky, is not fatal.
Gases where* in a false name for a corporation l>as been held fgtal to the instrument, (which was the fact, in all those cited in the petition,) are. not. analogous to that wherein the. name is right as far as it geos, & there is an oniission of part.
Where corporations have avoided their grants, because. not made, by the. body entitled, to grant, (which was also the fact in all the. oases cited by the appellants’ counsel,) the grounds for the avoidance must have been, that the grantors wete* not those an-ae”1 — Ar*0
*187 The court, after consideration of the question until the present term, overruled the motion for a re-hearing, and in reply to the argument contained in the petition «Mid the authorities, there-cited, delivered the following
ADDITIONAL OEINION OP THE COURT, BV JUDGE MILLS.
Notwithstanding the confidence shown by the counsel for tiie appellants; on the question touching the validity qf this bond, because it was executed, to the President and Directors, omitting the words “ and company,” we are still disposed to adhere to.our first opinion on this point.
None of the-cases cited1 are analogous to the present. In all of them, a false name- or: description of the corporation was used. Here, the description and name are accurate, so fur as they go, and there is an omission only.
This court has decided, that a transfer of a bill’to tlie cashier,of a bank, officially, vested the legal estate in the bank, where the intention was to pass it to the hank itself. Farmers and Mechanics’ Bank vs. Turner, 2 Litt. Rep. 17.
All the cases cited are instances- of deeds made by corporations, and avoided.’by them, because not made by the body entitled'to grant.} and„ as observed in a note in Flow.den, 536, were*cases which might have been aided by a court- of. equity. In ajl of them, the grantors not-being those who were authorised to. ae.t, the grants must have been avoided for want of authority in the grantors; and on this principle alone can they be sustained..
In 2 Dyer 150 a, and Plowdcn 536, parts of the corporation were named as granting, who were not au-thorised to grant.
In 10 Coke-124,.the instrument was executed to the corporation, not falsely describing or naming the coi^ poration, but omitting part.of the corporafe-nome, and the bond was held good..
And in all the cases cited by Coke ip the opinion, the grants were made by a misdescribed or false named corporation, who had no authority to grant, and not one is shown, avoiding a grant to a corporation, the name of which was correct so far as it went, and then making a, bare omission of part.
Bond corporation, not by a false ndttfng'"part of the corpo¡•ate name, ported "by "a-verment/ The ends of ioUer an-P swored' by placing in-which*cot*o rations°are0' not correctly named, on with which they were ex-eluted & de-A^ootñora-"”* tion may re-eeive the deeayo° what is equivalaut.
The ground taken by the court in the former opin* ion, 's’ suc^ °missi°n may be supplied by aver-ment, and this is well supported by the reasoning of Coke, page 124, where the special verdict found the deed executed to the true corporation, by words, omit-RnS Part the ^rlle nfime*
The case in Cowper 26, is not in point. That was a direct proceeding to reverse an order made in favor of a corporation falsely described, and therefore cannot apply»’ Bacon’s Ábr. tille Corporation, letter C.
But, however strong these cases may appear, we jjnow their rigid and technical doctrines have been much mitigated by modern authorities, and that the principles now adopted bolter comport with sound rea-son and the maxims of common sense, and that ailow-the parties to place the stress of the controversy or, the intention to whom the deed was executed and de-livered, better answers the ends of justice, and does not entangle R fo a “ net of forms.,!
We are, however, toid that no delivery ran be, made by or to a corporation. The cases oited in 13 Vine»' 21, do not support this assumption. A corporation can glve uvery, according to these authorities, i o say that; no delivery can be made to a corporation, or soma thing equivalent thereto, would be going far indeed, anc* wodcl entitle it, by the bare act of scaling, to. every deed or grant vyhich purported on its face to be made it by its true name, although (he grantor might re-*ain ^ deed in his possession, and never do any act placing the instrument in the hands of any of the officers of the corporation.
The petition for a rc-hearing is, therefore, oveiy ruled.